UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. SCOTT SULLIVAN AND<br>DR. MICHELLE COOPER | CIVIL ACTION |
| VERSUS | NO. 06-0004 |
| STATE FARM FIRE AND CASUALTY INSURANCE<br>COMPANY AND F. J. DENNIS | SECTION "K" (1) |

## ORDER

Before the Court is plaintiff's Motion to Remand. See Rec. Doc. No. 7. Having reviewed the pleadings, memoranda, and relevant law, as well as having held oral argument on March 8, 2006, the Court **DENIES** the motion for the reasons below.

**Background:**

Plaintiffs Dr. Scott Sullivan and Dr. Michelle Cooper commenced this putative class action against independent State Farm agent F.J. Dennis and State Farm Fire & Casualty Insurance Company ("State Farm") on November 16, 2005, filing a Petition for Damages in Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiffs' purported class consists of "property owners who purchased primary flood insurance through State Farm and/or State Farm Agencies who were not apprised of the availability of and/or offered excess flood

insurance coverage." Plaintiffs request a bi-lateral class action in that they also request that F. J. Dennis be named as the representative of a putative defendant class composed of "[t]hose State Farm agents doing business in Louisiana who failed to apprise of the availability of and/or offer excess flood insurance coverage to the plaintiffs' class."

Hurricane Katrina prompted plaintiffs' action. See Complaint, Rec. Doc. 1-1, ¶5. Plaintiffs allege defendants, through their acts and/or omissions, breached their fiduciary duty to inform insurance customers of the availability and option to purchase excess flood insurance (also known as "supplemental" flood insurance) and that defendants uniformly failed to provide plaintiffs with access to flood insurance above and beyond the primary flood insurance available. As a result of defendants acts/omissions, plaintiffs suffered property damage to their structures and personal property within those structures in excess of the flood coverage obtained for them by defendants. Plaintiffs seek recovery of all flood damage incurred in excess of the primary flood insurance coverage placed and/or administered by defendants, as well as damages for loss of use, and all non-pecuniary damages to which they may be entitled. Additionally, plaintiffs allege that defendant State Farm[1], as principal of the State Farm agents comprising the putative defendant class, see Complt.,¶12, is also liable to plaintiffs. Specifically, plaintiffs allege State Farm (a) breached its fiduciary duty to make excess flood insurance available to State Farm insurance clients; (b) failed to adequately train, school, and supervise its agents on the

---

[1]Insureds purchase Standard Flood Insurance Policies or "SFIPs" pursuant to the National Flood Insurance Program ("NFIP"). SFIPs can be purchased either directly through the Federal Emergency Management Agency ("FEMA"), or through private insurers like defendant State Farm. Accordingly, State Farm is known as a "Write-Your-Own" or "WYO" carrier under the program. Under the program, federal funds pay all SFIP claims, the federal government bears the risk of loss, and WYO carriers are its fiscal agents. *See* 42 U.S.C. § 4071(a)(1); 44 C.F.R. § 62.23(g).

availability of excess flood insurance; (c) failed to provide excess flood insurance as a product; (d) failed to obtain independent third party excess coverage and make it available for sale through its agents; (e) failed to disclose and/or advise its insureds of the potential for excess coverage by either placing same in bold print on the face of its policy, sending notices to the insured of its availability, and otherwise; and (f) failed to initiate proper policies and procedures to assure State Farm Insurance customers would receive adequate advice and proper access to insurance products that would protect their assets. See Complt.,¶13.   In their complaint plaintiffs cite La. C.C.P. Art. 591 through 597.   Defendants removed the case on January 3, 2006 on the basis of 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446 and 1453 and 42 U.S.C. § 4072. Plaintiffs subsequently moved to remand, and the Court heard oral argument to that effect on March 8, 2006.

Plaintiffs's first argument is that State Farm's Notice of Removal is procedurally defective because State Farm failed to obtain the consent of F. J. Dennis for removal.  According to plaintiffs, F. J. Dennis, as plaintiffs' State Farm Agent in New Orleans,  is the primary defendant in the instant action.  As the case revolves around the duties owed by Dennis to plaintiffs, State Farm's conclusory allegation that Dennis was fraudulently joined is insufficient to meet the burden for fraudulent joinder and thus, State Farm must obtain Dennis's consent in order to comply with the rules governing Removal**.**

Secondly, plaintiffs contend State Farm has not met its burden of establishing jurisdiction under preemption by the National Flood Insurance Program ("NFIP").  Because removal must be based upon the existence of a federal court's original jurisdiction over a state court action, see 28 U.S.C. § 1441(a), and defendants bear this burden, if jurisdiction is "doubtful," the case must

be remanded.  *See Williams v. Tri-County Community Center*, 323 F.Supp. 286, 288 (S.D. Miss. 1971).  Plaintiffs cite several cases, including *Gallup v. Omaha*, 2004 WL 2392419 (E.D. La. Oct. 25, 2004)(Duval, J.), *rev'd on other grounds*, 434 F.3d 341(5th Cir. 2005),[2] for the proposition that state law claims based upon the "procurement" of insurance are *not* subject to preemption by the NFIP, and thus similarly, the claims at issue in this matter are also not subject to federal preemption.

Plaintiffs further argue that besides preemption, no general federal question jurisdiction exists, because the NFIA("National Flood Insurance Act") and NFIP, under 28 U.S.C. § 1331, are irrelevant to their claims.  Plaintiffs' state their petition alleges only claims based upon the duty of defendants to advise insurance purchasers of the availability of commercial excess flood insurance, and this claim requires no interpretation of the NFIA or NFIP.  The claims made by plaintiffs solely concern  "procurement" issues involving excess flood insurance provided by *commercial* insurers, not a federal program, with absolutely no implication of the NFIA or NFIP.  Simply because the damages due plaintiffs would have been covered by commercial excess flood insurance above and beyond the putative class's NFIP policies does not implicate the NFIP, as any damages which would have been covered under commercial excess flood insurance policies

---

[2]On October 25, 2004 this Court issued its opinion in *Gallup* wherein it denied a motion to dismiss the plaintiffs' state law "claims-handing" claims, finding no preemption under the NFIA nor the state of the law at the time. The insurer subsequently appealed.  On June 28, 2005, while *Gallup* was still on appeal, the Fifth Circuit issued *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005),  which held that state law tort claims against a Write-Your-Own ("WYO") insurance carrier arising from "claims handling" *were* preempted by federal law. Thus, on December 21, 2005, relying on its holding in *Wright*, the Fifth Circuit reversed *Gallup* to the extent it held that the plaintiffs' state law "claims handling" claims were *not* preempted by the National Flood Insurance Act (NFIA).  *See Gallup v. Omaha Property*, 434 F.3d 341 (5th Cir. 2005).

would be determined under the terms and conditions of those commercial insurance policies. Plaintiffs argue their case concerns only the duty of an agent to advise ant that their case is about the negligence of local insurance agents in discharging their duties to local residents.

Plaintiffs also argue that CAFA (the "Class Action Fairness Act") does not apply because 28 U.S.C, § 1332(d) and 28 U.S.C. § 1453 require the District Court to decline jurisdiction over a class in which more than two-thirds of the members of the plaintiff class, and at least one defendant, are citizens of the State in which the action was originally filed.[3] Plaintiffs argue that their case qualifies under this so-called "local controversy" exception, 28 U.S.C. § 1332(d)(4).

Plaintiffs also refute defendants' argument that F. J. Dennis was fraudulently joined to defeat diversity jurisdiction. Plaintiffs argue that State Farm has failed to allege an adequate statement of facts to show that the joinder by plaintiffs was "without right and made in bad faith." *McKee v. Kansas City Southern Railroad Co.*, 358 F.2d 329, 335 (5th Cir. 2004). Thus any removal based on fraudulent joinder must fail. Additionally, because CAFA does not apply, State Farm cannot rely upon CAFA's "minimal" diversity requirements. Thus State Farm must demonstrate traditional "complete" diversity jurisdiction under 28 U.S.C. § 1332(a) such that every defendant is diverse from every plaintiff. F. J. Dennis and other New Orleans metro area agents and most, if not all, plaintiffs are Louisiana citizens. Thus complete diversity does not exist for removal. Finally, plaintiffs cite *Durham v. McFarland, Gay & Clay, Inc.*, 527 So.2d 403 (La.App. 4th Cir. 1988)(citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728

---

[3]"And other conditions are satisfied." These conditions are discussed in the Legal Standard section.

(La. 1973)) for the proposition that other cases have recognized, *inter alia*, that an insurance agent has a fiduciary duty to advise a client of recommended coverage.

In opposition, State Farm argues it has satisfied the procedural requirements for removal. Firstly, State Farm need not obtain the consent of F. J. Dennis for Removal because CAFA expressly permits one diverse defendant to remove a class action to federal court without obtaining the consent of other defendants, and CAFA clearly applies to this case.[4]  See 28 U.S.C. § 1453(b).  Furthermore, traditional diversity removal does not require consent as to any misjoined party such as F. J. Dennis.  Finally, the petition had not been served on Mr. Dennis as of the date of the Removal, and thus, his consent was not needed.  *See, e.g. Orion Re. Corp. v. Fluor Enters. Inc.*, 319 B.R. 480, 483-84 (E.D. La. 2004).

State Farm argues jurisdiction under CAFA is proper because plaintiffs claims satisfy CAFA's requirements, and the "Local Controversy" exception does not apply.  CAFA extends federal jurisdiction to all class actions in which: (1) there is minimal diversity of citizenship; (2) there are at least 100 putative class members; and (3) the amount in controversy is at least $5 million when the relief sought by the entire class is aggregated.  See 28 U.S.C. § 1332(d)(2), (d)(5).  Plaintiffs have the burden of proof under CAFA pursuant to the Legislative History as embodied in Senate Report No. 109-14.  As stated therein, the burden falls to *plaintiffs* to prove that removal jurisdiction is lacking under CAFA.  See S. Rep. No. 109-14 at 43("[I]t is the intent of the Committee that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court.").

---

[4]On March 30, 2006 defendant F. J. Dennis filed a Joinder in and Consent to Removal, see Rec. Doc. No. 35, consenting to State Farm's removal of this proceeding.

Additionally, State Farm avers that CAFA's narrow "local controversy" exception does not apply because F. J. Dennis is not a "*significant* defendant" from whom plaintiffs are seeking "*significant* relief."  See 28 U.S.C. § 1332(d)(4)(A)(emphasis added).  The local controversy exception applies only where the main targets of a suit are local and the out-of-state defendant is an incidental party or someone who is named to satisfy a procedural requirement.  But here, State Farm is the main target of this lawsuit, a fact evident from the face of plaintiffs' complaint which alleges only two acts or omissions by F. J. Dennis, and even those are allegedly applicable to both Mr. Dennis and State Farm.  See Complt. at ¶7.  Furthermore, the complaint alleges six additional acts or omissions which themselves are attributed *solely* to State Farm.  Id. at ¶13.  According to defendants, the pleading reveals clearly that F. J. Dennis is a *secondary* target.

Additionally, in order for the local controversy requirement to apply, the local defendant's conduct must be alleged to have affected *all* members of the class and all members must assert a right to relief against *that* defendant.  See S. Rep. 109-14 at 40 (emphasis added).  Because Dennis (or any other agent) can only be liable to those claimants to whom they actually sold policies, State Farm, under the intent of CAFA, is the *only* defendant against whom all putative class members could assert a claim.  Thus the exception does not apply.  State Farm is the ultimate target of this lawsuit.

Defendants also argue that federal question jurisdiction exists  per 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331 and 1367.  Defendants argue that because any excess flood insurance policy or interpretation thereof is so interconnected to a Standard Flood Insurance Policy ("SFIP"), which itself *must* be governed by federal law, then necessarily an excess flood insurance policy should be governed by federal law as well.  Defendants argue that plaintiffs' claims necessarily

7

involve determining the extent to which alleged losses are covered by a plaintiffs' SFIP.  Before plaintiffs could establish that a duty to be provided with excess flood insurance coverage exists, plaintiffs would first have to establish their right to recovery under their primary insurance plan (the SFIPs). Thus, because adjudicating the claims asserted by plaintiffs and determining any such damages necessarily involves determining the extent to which plaintiffs' alleged losses are covered under the plaintiffs' SFIPs, plaintiffs' claims fall under federal jurisdiction.

Defendants also counter that plaintiffs' arguments regarding "procurement only" are misplaced.  A state law claim will be subject to federal question jurisdiction where it involves a "controversy respecting the construction and effect of the [federal] laws" which is "sufficiently real and substantial."  *Grable and Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 125 S.Ct. 2363 (2005).  The issue at bar is not whether a state law claim is preempted, but whether one or more elements of an asserted state law claim raise a substantial federal issue.  "The SFIP and all disputes arising from the handling of any claim under [the SFIP] are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001 *et seq*) and federal common law."  44 C.F.R. Part 61 App. A(1) art. IX.  Plaintiffs' claims require determining the extent to which a given insured's alleged losses are covered by his or her SFIP, so this case raises a substantial federal issue and should be in federal court, especially since excess flood policies commonly rely on or incorporate the terms of a person's underlying SFIP.  Additionally, any alleged duty of defendants to advise as to and/or provide excess flood coverage could only arise as a matter of federal law because, as per Congress's goals in enacting the NFIP, if there is a duty on WYOs to provide excess flood insurance coverage, that duty would have to stem from the NFIP and thus

require federal jurisdiction.  Defendants deny any such duty; however, because any such effort to impose a duty would cause a decline in WYO provider participation and necessarily increase the cost of flood insurance, results which are contrary to Congressional intent in founding the NFIP.

Finally, defendants also argue that F. J. Dennis is fraudulently joined, thus creating traditional diversity jurisdiction under 28 U.S.C. § 1332(a).  Dennis is fraudulently joined because there is "no *reasonable* possibility that the plaintiff would be able to establish a cause of action against [him]."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(emphasis added).  Hypothetical possibility of recovery against a non-diverse defendant is insufficient.  *See Edwards v. Allstate Property and Cas. Co.*, No. 04-2434, 2005 WL 221560 (Jan. 27, 2005, E.D.La.).  As pled, plaintiffs' complaint fails to state facts that demonstrate the existence of a duty or a breach of duty owed by Mr. Dennis to plaintiffs.

Indeed, as defendants point out, only two conclusory allegations, with no direct cite of law, are leveled at Mr. Dennis, and defendants refute plaintiffs' arguments that Dennis is subject to a duty pursuant to *Durham v. McFarland, Gay, and Clay, Inc.*, 527 So.2d 403 (La.App.4th Cir. 1988).  *Durham* involved a case where the agent failed to obtain the requested coverage that he *expressly* agreed to procure.  No such similar allegation is made against Mr. Dennis in the instant case.  As to plaintiffs' request for discovery, defendants aver that plaintiffs cannot file a lawsuit without factual foundation, as they have done here, all in the hopes that somewhere along the way they will stumble into a cause of action.

**Legal Standard and Analysis:**

Regardless of the validity of defendants' other grounds for removal, if the Court finds that jurisdiction pursuant to CAFA exists, the Court would be bound to keep this case and deny plaintiffs' Motion to Remand. Thus the Court will look to the CAFA issue first.

Under CAFA a district court is directed to decline jurisdiction over a class action in certain instances that are considered to be purely local in nature. Specifically, CAFA states that the district court "shall decline to exercise jurisdiction" under § 1332(d)(2) over (1) a class action in which (a) more than two-thirds of the class members are citizens of the state in which the action was originally filed; (b) plaintiffs seek significant relief against at least one defendant whose conduct forms a significant basis for the claims asserted by the class and who is a citizen of the state in which the action was originally filed; (c) the principal injuries were incurred in the state in which the action was originally filed; and (d) during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar allegations against any of the defendants on behalf of the same or other persons. 28 U.S.C. § 1332(d)(4)(A).[5] This is known as the "local controversy" exception.

Put another way, the local controversy exception states that jurisdiction shall be declined if (1) the in-state defendant is one from whom significant relief is sought; (2) the alleged conduct of the in-state defendant forms a significant basis for the claims asserted in the class action; (3) the principal injuries resulting from the alleged conduct of the in-state defendant, or from related

---

[5] The Court must also decline jurisdiction "(1) in which two-thirds or more of the members of the plaintiff class, and all of the primary defendants, are citizens of the state in which the action was originally filed" under the so-called "home state" exception. See 28 U.S.C. § 1332(d)(4)(B). With the existence of State Farm, neither party argues this exception applies herein.

conduct of any defendant, were incurred in the state in which the action was originally filed; and (4) during the three-year period preceding the filing of the class action, no other class action was filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.  See 2005 A.L. R. Fed. 2d. 2, Construction and Application of Class Action Fairness Act, n. 25, 26; see also S. Report 109-14, available at 2005 WL 627977("In addition, [CAFA] contains a 'Local Controversy Exception' intended to ensure that state courts can continue to adjudicate truly local controversies in which some of the defendants are out-of-state corporations.  In order to fall within the Local Controversy Exception, a class action must meet the following four criteria: (1) the class must be primarily local, meaning that more than two-thirds of class members must be residents of the state in which the action was filed; (2) at least one *real* defendant (*whose alleged conduct is central to the class's claims and from whom the class seeks significant relief*) must also be local; (3) the "principal injuries" caused by the defendant's conduct must have occurred in the state where the suit was brought; and (4) no other similar class actions have been filed against any of the defendants (by the same or other proposed classes) in the preceding three years.  If *all* of these four criteria are satisfied, the case will not be subject to federal jurisdiction under the bill.")(emphasis added).

Questions remain as to whether CAFA altered the traditional presumption against removal as it relates to 28 U.S.C. § 1332.  Prior to CAFA's enactment it was well-established that district courts were to approach remand motions with a "'strong presumption ' against removal jurisdiction" and assign to the removing defendant "the burden of proving the existence of jurisdictional facts [under 28 U.S.C. § 1332(a)]."   *Rodgers v. Central Locating Serv., LTD*, No. C05-1911C, 2006 WL 240683 (W.D.Wash. Feb. 1, 2006)(*citing Berry v. Am. Express*

*Publ'g Corp.*, 381 F.Supp.2d 1118, 1120 (C.D.Cal. 2005). Defendants argue that CAFA altered this burden such that plaintiffs bear the onus of defeating removal, a burden they cannot meet. The statutory text of CAFA offers few clues as it was enacted without express changes to the presumption against removal. Nevertheless defendants, relying on CAFA's legislative history argue that the burden belongs to plaintiffs. *See In re: Textainer Partnership Securities Litigation*, 2005 WL 1791559 at *3 (N.D. Cal. July 27, 2005)("Similarly while the defendant ordinarily bears the burden of proving that removal was proper . . . CAFA's legislative history indicates that the plaintiff has the burden of proving that an action removed under CAFA should be remanded."); *Robinson v. Cheetah Trans. et al*, 2006 WL 468820 (W.D.La. Feb. 27, 2006)(Hayes, Mag. J.).

  Despite defendants' position that CAFA's legislative history necessitates a switch in the presumption against removal, the statute itself is silent on the matter. As a result, a number of courts have refused to switch the presumption, finding that a court's "initial task is always to interpret the words of the statute as Congress has enacted them." *Rodgers*, No. C05-1911C, 2006 WL 240683(*citing United States v. Dangdee*, 616 F.2d 1118 (9thCir. 1980)(holding that statutory language is "best evidence of congressional intent because we must assume that Congress meant what it said."); *see also Werner v. KPMG LLP* (2006 WL 295394 at * (S.D.Tex. Feb. 7, 2006)("The text of CAFA says nothing about the burden of proof on removal . . . the textual silence on the burden of proof, which contrasts with Congress's express provisions changing a number of aspects of removal practice for cases that fall under CAFA leads this court to join those holding that the party opposing remand continues to bear the burden . . ."); *Brill v. Countrywide Home Loans*, Inc., 427 F.3d 446, 478 (7th Cir. 2005)("the rule that the proponent of

federal jurisdiction bears the risk of non-persuasion has been around for a long time.  To change such a rule, Congress must enact a statute with the President's signature. . .[A] declaration by 13 Senators [regarding the Senate Committee's report on CAFA]  will not serve."); *see also Ongstad v. Piper Jaffray & Co.*, 407 F.Supp.2d 1085, 1089 (D. N.D. 2006)("[a]s it stands, the removing party bears the burden of establishing federal jurisdiction . . . the express language of CAFA does nothing to disrupt that maxim."); *Rodgers v. Central Locating Serv., LTD*, No. C05-1911C, 2006 WL 240683, at *7(W.D.Wash. Feb. 1, 2006)("In sum, there is no basis to conclude that CAFA imposed new presumptions and burdens by silent implication or through bare legislative history."); *In re FEDEX Ground Package Sys.*, 2006 WL 148945, at *2 (N.D. Ind. Jan. 13, 2006).  Similarly, this Court finds that despite CAFA's changes to traditional notions of federal court jurisdiction, the long-standing presumption against removal remains.

In the case at bar the only applicable exception to CAFA jurisdiction would be that of the "local controversy" exception.  Of the four "other conditions" criteria that must be met, only number two is at issue.  The crux of CAFA jurisdiction in this case turns on whether the Court finds that F. J. Dennis is *not* a *real* defendant; that is to say, although he may be properly joined, plaintiffs really seek recovery from State Farm, and F. J.  Dennis's conduct is neither central to the class's claims nor is significant relief sought from him or the other agents he purportedly represents.

*Robinson v. Cheetah Trans. et al*, 2006 WL 468820 (W.D.La. Feb. 27, 2006) presents a similar situation.  In *Robinson*, Liberty Insurance Company argued that the second requirement of the local controversy exception was not met because the relevant Louisiana defendant (in this case a truck driver involved in a traffic accident) was joined purely to defeat diversity  and that

the putative class involved did not seek significant relief from him.  Magistrate Hayes, relying on

CAFA's legislative history, agreed, holding:

> although no case law appears to address the meaning of 'significant relief' and the role it plays in determining whether to retain jurisdiction . . . CAFA's legislative history . . . sheds some light. . . the Senate described a products liability class action suit on behalf of Florida residents against an out-of-state automobile manufacturer and a few in-state dealers.  In finding that this case did not involved an in-state defendant from whom significant relief was sought, the Senate stated, 'even if the plaintiffs are truly seeking relief from the dealers, the relief is just small change compared to what they are seeking from manufacturers.'

*Id.* at *3.  The Magistrate went on, stating that as a result of the Senate's intent, "whether a

putative class seeks significant relief from an in-state defendant includes not only an assessment

of how many members of the class were harmed by the defendant's actions, but also a

comparison of the relief sought between all defendants and each defendant's ability to pay a

potential judgment." *Id.*  Under this standard, F. J. Dennis is not a defendant from whom

significant relief is sought.  Dennis seems to be small change in comparison to what the putative

class is seeking in damages from State Farm; certainly F. J. Dennis's ability to pay plaintiffs is

minimal in comparison.  "With an amount in controversy of at least $5,000,000, the plaintiffs

will seek most of that relief from those who are capable of paying it," *id*. at *4;  here that

defendant clearly is State Farm.  Furthermore, as in *Hayes,* the class members' failure to execute

service of process on Mr Dennis "is additional circumstantial evidence that they do no seek

significant relief from him."  *Id.*

Consequently, because F. J. Dennis is not a "significant defendant" as contemplated by

CAFA's local controversy exception, the Court must keep this case.  There is no reasonable

basis from plaintiffs' complaint and the facts currently presented to find that plaintiffs are

actually seeking significant relief from Dennis as opposed to State Farm.  Plaintiffs make over

six specific allegations against State Farm *only*, and it is these allegations which form the heart of their case. Thus the "local controversy" exception is not met. As to any arguments of defendants for other basis of removal jurisdiction, these need not be addressed at the present time because CAFA mandates a federal forum. Additionally, any arguments regarding "duty" or lack thereof made by the defendants are better left as a part of defendant's Motion to Dismiss under Rule 12(c), which is currently under submission before this Court.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion for Remand is hereby **DENIED.**

New Orleans, Louisiana, this __6th__ day of April, 2006.

                                  **STANWOOD R. DUVAL, JR.**
                                 **UNITED STATES DISTRICT JUDGE**